Fox Salerno #063416
P.O. Box 3400
Florence, AZ 85132

Self-Represented Inmate

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

FOX SALERNO,

    Plaintiff,

vs.

BILL MONTGOMERY, County Attorney, Maricopa County Attorney's Office;
PEORIA POLICE DEPARTMENT.

    Defendant.

CV 12-202 PHX-ROS(LOA)

Ca

**COMPLAINT**

Plaintiff Fox Salerno, on his own behalf, complaining against Defendants, and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, *Skinner v. Switzer*, 131 S.Ct. 1289 (2011), and the Fourteenth Amendments to the United States Constitution. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is placed in this district pursuant to 28 U.S.C. § 1391 as it is where Defendants reside and where the events complained of occurred.

## PARTIES

2. Plaintiff is currently incarcerated with the Arizona Department of Corrections in Florence, Arizona, under a sentence of imprisonment imposed on July 18, 2001, by the Maricopa County Superior Court of Arizona in case number CR2000-017362. Salerno brings this action in his individual capacity.

3. Defendant Bill Montgomery is the County Attorney for the Maricopa County Attorney's Office, Maricopa County, Arizona. This action is brought against Mr. Montgomery in his official capacity. Mr. Montgomery's Office has custody and control of the evidence that is the subject of this action.

4. Defendant Peoria Police Department is a law enforcement agency acting under the authority of the City of Peoria, Arizona. The Peoria Police Department has custody and control of the evidence that is the subject of this action.

**PROCEDURAL BACKGROUND**

5. Plaintiff was tried before a jury on state criminal charges involving his use of his employer's credit accounts to purchase various items from the employer's vendors for his personal use, rather than for use in the employer's business operations, as was the intended purpose of the credit accounts.

6. The prosecution tried Plaintiff under state theft charges in that the items purchased were the property of the employer because its funds paid for the purchases of Plaintiff.

7. Plaintiff's defense theory at trial was that he admitted using the employer's credit accounts to purchase various items for his personal use, but that the accounts were only used to obtain discounts on the purchases and that he paid for the purchases

with his personal funds, and not the employer's funds. Thus, if Plaintiff could show that he used his personal funds, rather than the employer's funds, to pay for his purchases, the prosecution's theory of theft would have no merit.

8. Prior to the jury trial, Plaintiff's counsel requested specific documentation from the prosecution that would identify the source of the funds used to pay for the purchases. The documentation was particular reports generated by the employer entitled "Expense Detail Reports", or EDRs. The prosecution denied possession or existence of the requested reports.

9. Plaintiff's counsel was unable to obtain the EDRs directly from the employer as the employer claimed that the reports could not be produced due to an unrelated burglary of the employer's property that resulted in the loss of all electronic equipment and media needed to produce the EDRs.

10. At trial, the prosecution's chief witness was the employer's representative who testified that the employer paid for all of Plaintiff's purchases on the employer's accounts. The prosecution's only documentary evidence was the vendor's receipts for the purchases that showed that the purchases were made on the employer's accounts and the amount of the purchases.

11. However, the receipts did not show the source of the funds that eventually paid for the purchases, i.e., that the employer paid for the purchases. The prosecution's only evidence on the key issue of the source of the funds for the payments of the purchases was the oral testimony of the employer's representative.

12. The jury found Plaintiff guilty of the theft charges, and the trial court sentenced Plaintiff to 20 years of imprisonment on July 18, 2001.

13. At an unrelated civil trial in 2009, the Peoria Police Department investigator, who was the lead investigator of Plaintiff's theft charges, testified that the employer's representative had delivered to him the subject EDRs approximately 9 months prior to Plaintiff's criminal trial in 2000. (maricopa CV2009-006123).

14. The police investigator testified that he delivered the EDRs to the prosecutor of Plaintiff's criminal case.

15. However, at the same civil trial, the prosecutor of Plaintiff's criminal case testified that he never received the EDRs from the police investigator.

16. During the 2009 civil trial, Plaintiff attempted to obtain the subject EDRs from the Peoria Police Department through normal civil discovery procedures. The Peoria Police Department indicated to Plaintiff that it did not have possession of the EDRs, presumably because it had transferred possession to the prosecutor in 2000 in support of the criminal proceedings.

17. Additionally, Plaintiff was unable to examine the prosecutor's case file related to his prior criminal case as the file is not a public record under state law.

18. Upon Plaintiff's request to the Maricopa County Attorney's office for production of the EDRs, the Office either denied its possession of the EDRs, or it failed to provide a copy of them to Plaintiff.

19. In July of 2009, Plaintiff filed a Notice of Post-Conviction Relief with the state criminal trial court as provided in state law. The Notice provided the factual

background of the testimony in the civil trial relating to the state's non-disclosure of the EDRs during the criminal proceedings. Plaintiff requested an evidentiary hearing in the Notice to allow further discovery of the EDRs from either the Peoria Police Department or the Maricopa County Attorney's Office.

20. The state trial court denied Plaintiff's Notice of Post-Conviction Relief on November 4, 2009. The trial court concluded that Plaintiff was not entitled to post-conviction relief under state law because Plaintiff was unable to show that newly discovered evidence would have probably changed the verdict as Plaintiff failed to produce the EDRs to demonstrate that they were favorable evidence that he paid for the items purchased.

21. In its ruling, the trial court emphasized the no evidentiary hearing was required even though it failed to explain how Plaintiff could produce the EDRs that were, ostensibly, in the exclusive possession of the Peoria Police Department or the Maricopa County Attorney's Office.

22. Plaintiff timely petitioned for review of the trial court's denial of the Notice of Post-Conviction Relief with the state court of appeals. In the petition, Plaintiff argued that he presented a colorable claim to secure, at a minimum, an evidentiary hearing before the trial court to explore the location of the EDRs.

23. On May 25, 2011, the state court of appeals denied the petition for review of the trial court's denial of the Notice for Post-Conviction Relief without opinion or comment.

24. Plaintiff's application for authorization to file a second or successive petition for § 2254 habeas corpus relief, based on the testimony from the civil trial on the existence of the EDRs, was denied by the Ninth Circuit Court of Appeals on September 13, 2011.  Thus, Plaintiff is precluded from filing a petition for § 2254 habeas corpus relief based on the claim of denial of access to the EDR evidence.

25. Upon information and belief, the subject EDRs are located within the Maricopa County Attorney's Office's case file for Plaintiff's criminal proceedings in 2001. Alternatively, the EDRs are located within the Peoria Police Department's evidence file for Plaintiff's criminal proceedings in 2001.

## CLAIM FOR RELIEF – DENIAL OF DUE PROCESS

26. Plaintiff realleges and incorporates the allegations in the preceding paragraphs of this Complaint.

27. By refusing and failing to produce the subject EDR evidence to Plaintiff, acting arbitrarily under the color of state law, and thereby depriving Plaintiff of access to evidence that could support Plaintiff's claim in state post-conviction proceedings, Defendants have deprived Plaintiff his liberty interest to utilize state procedures to obtain reversal of his conviction or reduction in his sentence, all in violation of his right to Due Process of Law under the Fourteenth Amendment to the U.S. Constitution.  *See Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011).

WHEREFORE, Plaintiff, Fox Salerno, requests the following relief against Defendants jointly and severally:

a. A declaratory judgment that Plaintiff is entitled to production of the EDRs and to examine the Maricopa County Attorney's Office's case file for Plaintiff's criminal proceedings in 2001 to determine the location and existence of the EDRs.

b. A preliminary and permanent injunction requiring Defendants to produce to Plaintiff an authenticated copy of all of the EDRs in their possession.

c. A preliminary and permanent injunction requiring Defendant Maricopa County Attorney's Office to permit Plaintiff's examination of its case file for Plaintiff's criminal proceedings in 2001 to determine the location and existence of the EDRs.

d. Reasonable attorneys' fees and costs of suit and such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 23rd day of January, 2012.

By: _____
Fox Salerno

Inmate Fox Salerno
ADC # 063476
Arizona State Prison Complex Eyman
Unit Browning
PO Box 3400
Florence   AZ   85132

LEGAL mail

U.S. DISTRICT COURT
COURT CLERK
401 W. Washington
Phoenix, AZ 85003


