IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Fox Salerno,

Plaintiff,

vs.

William Montgomery, et al.,

Defendants.

No. CV-12-202-PHX-ROS (LOA)

**ORDER**

On January 30, 2012, Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1) The Court granted Plaintiff *in forma pauperis* status, ordered Defendant Montgomery to answer the Complaint, and dismissed the Peoria Police Department. (Doc. 3) Although Plaintiff submitted a completed service packet for Defendant Montgomery on March 5, 2012, he has not yet been served. On March 27, 2012, Plaintiff filed an Amended Complaint. Plaintiff does not need leave to file an amended complaint in view of the procedural posture of this case. *See* Fed.R.Civ.P. 15(a). However, because Plaintiff is proceeding *pro se*, pursuant to 28 U.S.C. § 1915(e)(2), the court must "dismiss the case at any time if the court determines that . . . the action is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." *Id.*

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not demand detailed

factual allegations, "it demands more than unadorned, the-defendant-unlawfully harmed -me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681. The Ninth Circuit has instructed that courts must "continue to construe *pro se* filing liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff's Amended Complaint contains the same allegations as his original Complaint. Plaintiff, however, has deleted the Peoria Police Department, which was dismissed, and has added Carl Swenson, City Manager of the City of Peoria, Arizona. (Doc. 5 at 2) Plaintiff raises a single claim alleging that his due process rights were violated when, during Plaintiff's criminal trial, Defendant Montgomery's Officer and Carl Swenson's Office, failed to disclose Expense Detail Reports because they claimed they did not possess the reports. Plaintiff claims the reports could have demonstrated his innocence. Plaintiff claims that, in an unrelated civil trial in 2009, a Peoria Police Department investigator testified that he had received the reports in question approximately nine months before Plaintiff's criminal trial and that he delivered the reports to the prosecutor in Plaintiff's criminal case. Plaintiff again attempted unsuccessfully to obtain copies of the reports from Defendant Montgomery's and Defendant Swenson's offices. Plaintiff argues that Defendants' refusal to produce the reports deprived him of "access to evidence that could support Plaintiff's claim in state post-conviction proceedings, [and deprives] Plaintiff [of] his liberty interest to utilize state procedures to obtain

reversal of his conviction or reduction of his sentence, all in violation of his right to Due Process of Law under the Fourteenth Amendment to the U.S. Constitution." (Doc. 5 at 6-7)

As the Court previously found, liberally construed, Plaintiff adequately states a Fourteenth Amendment due process claim against Defendants Montgomery and Swenson. *See Skinner v. Switzer*, ___ U.S.___, 131 S.Ct. 1289 (2011) (convicted state prisoner could seek DNA testing of crime-scene evidence based on due process in a § 1983 action because success in suit for DNA testing would not necessarily imply the unlawfulness of State's custody, and habeas corpus relief, therefore, was not the exclusive remedy). The Court will require Defendants Montgomery and Swenson to answer the Amended Complaint.

Accordingly,

**IT IS ORDERED** that:

1. Defendants Montgomery and Swenson must answer the Amended Complaint.

2. The Clerk of Court must send Plaintiff a service packet including the Amended Complaint and this Order, and both summons and request for waiver forms for Defendant Swenson.[1]

3. Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

4. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendant within 120 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

5. The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

[1] Because Plaintiff has already completed a service packet for Defendant Montgomery, the Court will not require him to complete a second service packet for that Defendant.

6. The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendants personally pursuant to Fed.R.Civ.P. 4(e)(2); and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms, if required. Costs of service will be taxed against the personally served Defendant pursuant to Fed.R.Civ.P. 4(d)(2), unless otherwise ordered by this Court.

7. If a Defendant agrees to waive service of the Summons and Amended Complaint, he must return the signed waiver forms to the United States Marshal, not Plaintiff.

8. Defendants must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

DATED this 25th day of April, 2012.

Lawrence O. Anderson
United States Magistrate Judge